UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID DREYER AND KATHERINE STEWART, INDIVIDUALLY AND ON BEHALF OF OTHER EMPLOYEES SIMILARLY SITUATED<br>    *Plaintiffs*,<br><br>v.<br><br>BAKER HUGHES OILFIELD OPERATIONS, INC., D/B/A BAKER HUGHES BUSINESS SUPPORT SERVICES,<br>    *Defendant*. | §§§§§§§§§§§§ | CIVIL ACTION H-08-1212 |

**MEMORANDUM AND ORDER**

This Fair Labor Standards Act (FLSA) lawsuit is before the court on plaintiffs David Dreyer and Katherine Stewart's motion for conditional certification of a collective action (Dkt. 9). Defendant Baker Hughes Oilfield Operations opposes the motion (Dkt. 17). Having carefully considered the briefing by both sides, the court grants the motion in part.[1]

**Background**

Dreyer and Stewart worked as Information Technology (IT) Technical Analysts in the IT Services Department of Baker Hughes, a large oilfield services company. At the time Dreyer and Stewart were employed, Baker Hughes's IT Department was, and still is, divided into four groups: (1) the Planning and Design Center, (2) the Customer Services Group, (3) the Network Operations Group, and (4) the Network Services Group. The Network Services Group was, then as now, further subdivided into three teams: (1) the Enterprise Server Team,

---

[1] In light of the court's order, plaintiffs' pending motion to strike (Dkt. 23) is denied as moot.

(2) the Tools Team, and (3) the Messaging and Active Directory Team.

Dreyer and Stewart both worked on the Enterprise Server Team of the Network Services Group at one of Baker Hughes's offices in Houston, Texas. As members of the Enterprise Server Team, their principal duties were to maintain and provide technical support for servers. Specifically, among other things, Dreyer and Stewart were responsible for ordering new servers, discarding old servers, installing and updating server software, backing up servers, monitoring server performance, and fixing servers when they malfunctioned. They also responded to reports (called "tickets") that server users submitted when they encountered problems using the servers.

Dreyer and Stewart, who were both salaried employees, claim that they frequently worked more than forty hours a week and were not paid overtime as required by the FLSA. Seeking to represent a class of similarly situated workers, they filed this motion for conditional certification of an FLSA collective action.

## Analysis

The FLSA allows one or more employees to sue their employer on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b) (2006). When employees do so, the resulting lawsuit is called a "collective action." *See, e.g.*, *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 823 (N.D. Tex. 2007). An FLSA collective action, unlike a class action, requires potential plaintiffs to opt-in to the lawsuit. But, like a class action, a collective action must first be certified by the court. *Id.*

In deciding whether to certify an FLSA collective action, district courts within the Fifth Circuit generally follow a two-stage approach. *Id.* at 823-24. At the first stage, called the "notice stage," the court determines whether potential collective action members should be notified. *See, e.g.*, *Simmons v. T-Mobile USA*, Inc., No. H-06-1820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *3 (S.D. Tex. Nov. 19, 2007). Review at this stage is lenient; the plaintiffs must show only that there is some factual basis for trying their cases together with the cases of other potential members. *See, e.g.*, *Simmons*, 2007 WL 210008, at *4; *Prater*, 2007 WL 4146714, at *3. If the court finds that this standard has been met, it conditionally certifies the collective action and allows notice to be sent to potential plaintiffs. *See, e.g.*, *Ryan*, 497 F. Supp. 2d at 824. The second stage, called the "certification stage," occurs after discovery is largely complete and the defendant moves to decertify the collective action. *Id.* at 824. At that stage, the court, which ideally has more information before it than it did at the notice stage, finally determines whether the representative plaintiffs and the plaintiffs who have opted in are sufficiently similarly situated so that the lawsuit can proceed as a collective action. *See, e.g.*, *Prater*, 2007 WL 4146714, at *4.

Baker Hughes advances five arguments for why the court should not conditionally certify the plaintiffs' proposed collective action. The court finds none of them persuasive.

First, Baker Hughes argues that conditional certification is inappropriate because the court would need to conduct an individualized inquiry to determine whether each opt-in

plaintiff should be a member of the class. It cites numerous cases that stand for the proposition that when a collective action is defined in terms of specific job duties, conditional certification is unwarranted because the court must examine the job duties of all potential members to decide whether they belong in the action. *See, e.g.*, *Holt v. Rite-Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 221 (D. Conn. 2003).

This argument is far too sweeping. If a need to inquire into job duties defeated conditional certification, then employers could completely avoid FLSA collective actions by giving numerous different job titles to employees with the same duties. Thus, to the extent that these cases suggest than any inquiry into job duties defeats conditional certification, the court rejects them. Instead, the court prefers to adopt a rule that hews more closely to the statutory "similarly situated" standard: if the job duties among potential members of the class vary *significantly*, then class certification should not be granted. *Cf. Harris v. Fee Transp. Servs.*, No. Civ.A.3:05CV0077-P, 2006 WL 1994586, at *5 (N.D. Tex. May 15, 2006) (noting the "significant" differences between the job duties of potential plaintiffs); *Aguirre v. SBC Commc'ns, Inc.*, No. H-05-3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007) (noting that plaintiffs are not similarly situated if their job duties vary "substantially").

Employing this standard, the court finds on the record before it that the job duties of IT employees who worked outside of the Enterprise Server Team are too dissimilar to the job duties performed by Dreyer and Stewart. The IT employees who come closest to being

4

similarly situated are those employed in the Customer Services Group. But, though Dreyer and Stewart valiantly argue that these employees are similar to them because they also respond to user queries regarding computer hardware problems, this similarity is too abstract. The evidence shows that IT workers in the Customer Services Group are principally responsible for providing technical support for users of desktop personal computers, including the software that runs on them. This type of work is fundamentally different from the more complex server-side work that Dreyer and Stewart performed.

At the same time, the court disagrees with Baker Hughes's contention that the job duties of IT employees on the Enterprise Server Team varied so significantly as to preclude class certification. While members of the Enterprise Server Team may have had to work on different projects from time to time, their basic duties appear to have been the same.

Given the court's understanding of the job duties of the plaintiffs and those of other Baker Hughes IT employees, the current proposed class definition does not encompass only "similarly situated" employees. As in the class-action context, this court has the power to modify an FLSA collective action definition on its own. *See, e.g.*, *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931-32 (5th Cir. 2005) (noting the court's power to "limit the scope" of a proposed FLSA collective action). The court concludes that a more appropriate class definition would be limited to employees on the Enterprise Server Team.

Second, Baker Hughes argues that in order to be similarly situated, the named and potential plaintiffs must have been victims of a single decision, policy, or plan. *See, e.g.*,

5

*Aguirre v. SBC Commc'ns, Inc.*, No. H-05-3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007). According to Baker Hughes, the only common decision, policy, or plan identified by the plaintiffs is the company's alleged misclassification of them as FLSA exempt employees, which is insufficient to support certification. *See, e.g.*, *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666, 2008 WL 1860161, at *4 n.2 (S.D. Cal. Apr. 22, 2008).

The court recognizes that many courts have viewed a single decision, policy, or plan as necessary for employees to be similarly situated. It respectfully disagrees. While the presence of a single decision, policy, or plan is often good evidence that employees are similarly situated, it should not be a requirement. If it were, then subgroups of employees who share the same duties would be denied collective action treatment as long as their employer makes decisions, policies, and plans for only the larger groups of which they are a part. The remedial purpose of the FLSA's collective action mechanism should not be so easily evaded. As long as plaintiffs are able to show that other employees are "similarly situated," the lack of a common decision, policy, or plan should not be fatal.

Third, Baker Hughes claims that an FLSA collective action can be conditionally certified only if the plaintiffs prove that others are interested in opting in to the lawsuit. *See, e.g.*, *Rodgers v. CVS Pharm., Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006). But this is not a statutory requirement, and several courts have rejected it. *See, e.g.*, *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).*Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002). Moreover, such a requirement is

at odds with the Supreme Court's command that the FLSA be liberally construed to effect its purposes. *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985).

Baker Hughes's fourth argument is that the potential applicability of several FLSA exemptions—such as the administrative, computer employee, and highly compensated employee exemptions—counsels against conditional certification because the court would need to examine each employee's job duties to determine whether each exemption applies. This argument fails because exemptions are merits-based defenses to an FLSA claim. *See, e.g.*, *Foraker v. Highpoint Sw.*, No H-06-1856, 2006 WL 2585047, at *4 n.16 (S.D. Tex. Sept. 7, 2006). Consequently, the possible applicability of one or more of them cannot defeat conditional certification. *Id.*

Finally, Baker Hughes contends that the plaintiff's proposed class definition is too vague. Because the court has redefined the class, this argument is now moot.

The court emphasizes that its decision to conditionally certify a collective action at this first stage does not prevent Baker Hughes from filing a motion to decertify the class at the second stage after additional discovery has occurred. Final certification at that stage will entail greater scrutiny than the court has given here.

For these reasons, plaintiffs' motion is granted in part. The following class is conditionally certified for purposes of this FLSA collective action:

> All current and former U.S. based employees of Baker Hughes Oilfield Operations, Inc., d/b/a Baker Hughes Business Support Services, who held non-managerial positions in the Network Services Group on the Enterprise Server Team at any time between April 18, 2005 and the present and who were not

paid for hours worked in excess of forty (40) in any given work week at one-and-a-half (1.5) times their regular rate.

It is therefore ORDERED that the parties submit a proposed notice and consent form by December 19, 2008 containing (1) consent to magistrate judge jurisdiction and (2) a forty-five day response deadline. If the parties cannot agree on the balance of the notice and consent form by that date, each may submit its proposed notice supported by a letter brief no longer than two pages.[2]

Signed at Houston, Texas on December 11, 2008.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

[2] Samples of notices the court has previously approved may be found on PACER in the following cases: *Bolick v. Mgmt. by Skylane, LLC*, H-07-2261 (Dkt. 16) and *Guerrero v. Habla Commc'ns, Inc.*, H-05-3620 (Dkt. 48).