SEYFARTH SHAW LLP
ATTORNEYS

700 Louisiana Street
Suite 3700
Houston, Texas 77002-2797
(713) 225-2300
fax (713) 225-2340
www.seyfarth.com

Writer's direct phone
713-225-0285

Writer's e-mail
moberti@seyfarth.com

Writer's direct fax
713-821-0653

December 19, 2008

**VIA E-FILING**

Magistrate Judge Stephen Wm. Smith
515 Rusk Avenue
Room 7727
Houston, Texas 77002

Re: Civil Action No. 4:08-CV-01212; *David Dreyer and Katherine Stewart v. Baker Hughes Oilfield Operations, Inc., d/b/a Baker Hughes Business Support Services*

Dear Judge Smith:

After receiving this Court's certification order on December 11, Defendant's counsel immediately sent Plaintiffs' counsel an e-mail suggesting they exchange proposed notices by December 16 (Ex. 1). Plaintiffs' counsel did not respond to that e-mail. Nonetheless, on December 15, Defendant's counsel sent its proposed notice to Plaintiffs' counsel by e-mail and asked for their input (Ex. 2).[1] Plaintiffs' counsel did not respond until today at 4:00 p.m. (Ex. 7), which is the very day the parties' proposed notices are due under this Court's order. Based on a necessarily quick review, Defendant believes its proposed notice, rather than Plaintiffs' proposed notice, should be entered because:

- As Defendant's proposed notice reflects (Ex. 2-A), the notice should include a statement that "[y]ou may also be required to share in liability for payment of costs if Baker Hughes prevails in this lawsuit." *See e.g., Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007) (notice should inform potential plaintiffs that "they share in liability for payment of costs if [defendant] prevails in the suit") (Ex. 3); *Hoffman v. Securitas Security Services*, 2008 WL 5054684, at *12 (D. Idaho Aug. 27, 2008) (requiring the following language: "Those who opt-in may also be held liable for costs associated with this lawsuit") (Ex. 4); *Stanfield v. First NLC Financial Services, LLC*, 2006 WL 3190527, at

[1] Ex. 2-A is the exact same proposed notice Defendant's counsel sent Plaintiff's counsel on December 15, with one minor edit to fix an incorrect date.



BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA





*4 (N.D. Cal. Nov. 1, 2006) ("Plaintiffs should be made aware of any fees or costs for which they may be liable before opting in to the lawsuit.") (Ex. 5).[2]

- Court-approved notice must be neutral, accurate and informative. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171-74 (1989) ("Court intervention in the notice process [under 29 U.S.C. § 216(b)] is distinguishable in form and function from the solicitation of claims."). To effectuate this rule, the notice should clearly explain that Baker Hughes disputes Plaintiffs' allegations of misclassification. Plaintiffs' proposed notice does not do this (Ex. 7). Defendant's does (Ex. 2-A). Also, because of the neutrality requirement, the bolded statement in Plaintiffs' proposed notice that "You must file a Notice of Consent to join this action if you wish to recover unpaid overtime wages from this lawsuit" should not be bolded any more than a message designed to discourage potential opt ins from joining the suit should be bolded.

- Defendant's proposed notice also more precisely and accurately describes the nature of this lawsuit and why the potential opt ins are receiving notice.

- Defendant's proposed notice more correctly sets forth the opt in plaintiffs' rights regarding Plaintiffs' counsel's Professional Services Agreement (compare last page of Ex. 7 to Ex. 2-A).

- Defendant disagrees with Plaintiffs' statement that its proposed notice more closely conforms to the prior notices this Court has approved and that it referred the parties to (*see* Ex. 7).

Baker Hughes is happy to include in its notice the language from paragraph 5 of Plaintiffs' proposed notice (about undocumented workers), and the bold capitalized statement below that.

Baker Hughes respectfully requests that the Court approve its proposed notice (Ex. 2-A) and for such other relief to which it is entitled.

Sincerely,

Mark J. Oberti
Seyfarth Shaw LLP

---

[2] The case of *Reyes v. Texas EZPawn, L.P.*, Civ. Act. No. V-03-128 (S.D. Tex. Dec. 19, 2007) (Ex. 6) illustrates another problem that can occur when such notice is not provided. In that FLSA case, after discovery, the defendant moved to decertify the class. The court granted the motion, and dismissed the opt in plaintiffs. The named plaintiff then tried his case and lost. He argued the costs should be shared by the opt in plaintiffs. But, because it was "not clear that these opt-in Plaintiffs were ever advised or notified that they could potentially be liable for a portion of the costs," the court taxed the full amount of costs against the named Plaintiff. *Id.* at *3, n. 2. This is another reason the potential opt-in Plaintiffs should be made aware of the potential consequences of joining this lawsuit.





cc: Trang Q. Tran
Tran Law Firm L.L.P.
3050 Post Oak Boulevard, Suite 1720
Houston, TX 77056